

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 24, 2012

Steven D. DiLibero, Esq.
130 Dorrance Street
Providence, RI 02903

>       Re:     United States v. Dennis R. Brady, Jr.
>               Criminal No. 12-10027-WGY

Dear Mr. DiLibero:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Dennis R. Brady, Jr. ("Defendant"), in the above-referenced case. The Agreement is as follows:

1.      Change of Plea

At the earliest practicable date, Defendant shall plead guilty to Counts One through Five in the above-referenced Superseding Indictment: conspiracy to possess with intent to distribute and to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two); and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts Three through Five). Defendant expressly and unequivocally admits that he committed the crimes charged, did so knowingly and intentionally, and is in fact guilty of those offenses.

2.      Penalties

Defendant faces the following minimum mandatory and maximum penalties on Count One:

(a)     incarceration for a period of at least ten years (mandatory minimum), up to life;
(b)     supervised release for a period of five years, up to life;
(c)     a fine of up to $10 million;

(d)     a mandatory special assessment of $100; and

(e)     forfeiture to the extent charged in the Superseding Indictment.

Defendant faces the following maximum penalties on Count Two:

(a)     incarceration for a period of up to twenty years;

(b)     supervised release for a period of up to three years;

(c)     a fine of up to $500,000, or twice the value of the laundered funds;

(d)     a mandatory special assessment of $100; and

(e)     forfeiture to the extent charged in the Superseding Indictment.

Defendant faces the following maximum penalties on each of Counts Three through Five:

(a)     incarceration for a period of up to twenty years;

(b)     supervised release for a period of up to three years;

(c)     a fine of up to $500,000, or twice the value of the laundered funds;

(d)     a mandatory special assessment of $100; and

(e)     forfeiture to the extent charged in the Superseding Indictment.

3.     Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory mandatory minimum and maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

The parties will take the following positions at sentencing with respect to the application of the Sentencing Guidelines:

> (a)     The guidelines that affect the offense level and/or the criminal history calculations have not changed since the instant offense was committed and the United States Sentencing Guidelines manual in effect at the time of sentencing apply to the offense.

> (b)     The offenses to which Defendant is pleading guilty (Counts One through Five) are grouped pursuant to USSG § 3D1.2(c). See USSG §2S1.1, Application Note 6 (Nov. 2011).

(c)     USSG § 2D1.1 applies to the offense conduct set forth in Count One.

(d)     The drug quantity attributable to Defendant pursuant to USSG § 2D1.1(c)(1) is 1.5 kilograms or more of methamphetamine (actual).  As a result, Defendant's base offense level for Count One is 38.

(e)     In accordance with USSG § 3B1.1(a), Defendant's offense level for Count One is increased by four levels, because Defendant was an organizer or leader of the drug activity and the criminal activity involved five or more participants.

(f)     USSG § 2S1.1 applies to the offense conduct set forth in Counts Two through Five.

(g)     Pursuant to USSG § 2S1.1(a)(1), the offense level for Counts Two through Five is the offense level for the underlying offense from which the laundered funds were derived, i.e., conspiracy to distribute methamphetamine.  As a result, Defendant's base offense level for Counts Two through Five is 38.

(h)     In accordance with USSG § 2S1.1(b)(2)(B), Defendant's offense level for Counts Two through Five is increased by two levels, because Defendant was convicted under 18 U.S.C. § 1956.

(i)     In accordance with USSG §3B1.1(b), Defendant's offense level for Counts Two through Five is increased by three levels, because Defendant was a manager or supervisor of the money laundering and the criminal activity involved five or more participants.

(j)     Pursuant to USSG §3D1.3, the offense level applicable to the Group (Counts One through Five) is offense level 43, which is the offense level for the most serious of the counts comprising the Group.  See USSG §3D1.3.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the Sentencing Guidelines, except as explicitly reserved below.  Accordingly, neither the U.S. Attorney nor Defendant will seek a departure from the Sentencing Guidelines, except as explicitly reserved below.

Defendant reserves his right to argue for a variance from the Sentencing Guidelines and the imposition of a sentence below the applicable Guidelines range pursuant to relevant factors under 18 U.S.C. § 3553(a). The U.S. Attorney reserves the right to oppose Defendant's argument for a sentence outside the Guidelines under the factors set forth in 18 U.S.C. § 3553(a).

3

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to USSG § 4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise changes after his indictment in this case. Thus, for example, the U.S. Attorney may contend that an upward departure under § 4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

In the event Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and her experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in his possession. In addition, Defendant will authorize his care providers to discuss his condition with the U.S. Attorney and his agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under USSG § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing Defendant:

        (a)    Fails to admit a complete factual basis for the plea;

        (b)    Fails to truthfully admit his conduct in the offenses of conviction;

        (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

        (d)    Fails to provide truthful information about his financial status;

        (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

        (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

4

        (g)      Intentionally fails to appear in Court or violates any condition of release;

        (h)      Commits a crime;

        (i)      Transfers any asset protected under any provision of this Agreement; or

        (j)      Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.     Sentence Recommendation

In the event the U.S. Attorney determines that Defendant has not provided substantial assistance pursuant to Paragraph 8, the U.S. Attorney agrees to recommend the following sentence before the Court:

        (a)      incarceration within the Sentencing Guideline range as calculated by the Court at sentencing, but in no event less than any applicable minimum mandatory term;

        (b)      a fine within the Sentencing Guideline range as calculated by the Court at sentencing, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

        (c)      five years of supervised release;

        (d)      mandatory special assessment in the amount of $500; and

        (e)      forfeiture as set forth in Paragraph 10.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5

5.      Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.      Waiver of Rights to Appeal and to Bring Collateral Challenge.

    (a)      Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that he may, in some circumstances, be able to argue in a future (collateral) challenge, such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241 or 18 U.S.C. § 3582(c), that his conviction should be set aside or his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) set aside or reduced.

    (b)      Defendant waives any right he has to challenge his conviction on direct appeal or in a collateral challenge.

    (c)      Defendant agrees that, if the Court grants the U.S. Attorney's motion for a downward departure pursuant to either USSG § 5K1.1 or 18 U.S.C. § 3553(e) and does, in fact, depart downward on that basis, Defendant will not file a direct appeal nor collaterally challenge his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution). If the Court does not downwardly depart pursuant to either USSG § 5K1.1 or 18 U.S.C. § 3553(e), Defendant agrees not to file a direct appeal nor collaterally challenge any imprisonment sentence at the low-end or below the advisory Sentencing Guideline range as calculated by the Court or any orders relating to supervised release, fines, forfeiture and restitution. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this agreement.

    (d)      This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. § 3742(b). Defendant expressly acknowledges that he understands the U.S. Attorney has retained all appeal rights.

    (e)      Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

6

7. Other Post-sentence Events

    (a)    In the event that, notwithstanding the waiver provision of Paragraph 6(c), Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in Paragraph 6).

    (b)    If, notwithstanding the waiver provision of Paragraph 6, Defendant seeks re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of Defendant's original sentencing, except to the extent that he has been found actually factually innocent of a prior crime. Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing unless he has been found actually factually innocent of that prior crime.

    (c)    In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this Agreement.

8. Cooperation

(a)    Terms of Cooperation: Defendant agrees to cooperate fully with law enforcement agents and government attorneys. Defendant must provide complete and truthful information to all law enforcement personnel. If Defendant's testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. Defendant must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, Defendant must furnish all documents, objects and other evidence in Defendant's possession, custody or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify.

7

This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

(b)  Substantial Assistance Motion: In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will file a motion under USSG § 5K1.1 to recommend that the Court impose a sentence below the advisory Sentencing Guideline range. At the same time, if the U.S. Attorney determines it is appropriate, the U.S. Attorney will also file a motion under 18 U.S.C. § 3553(e) to enable the Court to impose a sentence below the statutory mandatory minimum.

The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. This determination will be made based on the truthfulness and value of Defendant's assistance, regardless of the outcome or result of any proceeding or trial. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to USSG § 5K1.1 if Defendant violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in Paragraph 8(a) above, or engages in any criminal conduct after the date he signs this Agreement. The U.S. Attorney reserves the right, in her sole discretion, to file a motion under USSG § 5K1.1 but not under 18 U.S.C. § 3553(e). Defendant may not withdraw his plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, if the U.S. Attorney decides to file a motion under USSG §5K1.1 but not under 18 U.S.C. § 3553(e), if the U.S. Attorney decides to withdraw or not to file an Information pursuant to 21 U.S.C. § 851 without other substantial assistance motions, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

(c)  Sentence Recommendation with Substantial Assistance: If Defendant provides substantial assistance, subject to all the provisions of Paragraphs 8(a) and 8(b) above, the U.S. Attorney will advise the Court of the full nature, extent and value of the assistance provided by Defendant.

The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing.

(d)  Letter Immunity: In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter dated May 9, 2012 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution: (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the Court and U.S. Probation Office contained in USSG §1B1.8(a) and the commentary thereto. Notwithstanding the provisions of USSG §1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against Defendant in the District of Massachusetts, including, but not limited to, false statements and perjury.

9.  Court Not Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the Court declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the Court declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any subsequent appeal or collateral challenge.

9

10.    Forfeiture

Defendant understands that the Court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offenses, assets used to facilitate his offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

The assets to be forfeited specifically include, without limitation, the following: $3,859.80 in United State currency seized from the Defendant incident to his arrest on January 31, 2012. Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or were derived from, any proceeds obtained, directly or indirectly, as a result of the offenses; and/or were used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses; and/or was involved in such offenses, or any property traceable to such property. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding. In order to assist the United States in locating and forfeiting assets, Defendant shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from January 2010 to the present. At the request of the U.S. Attorney, Defendant further agrees to be deposed with respect to Defendant's assets.

Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement

10

agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

11.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

12.    Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

13.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, or pursuant to the proffer agreement dated May 9, 2012, without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

14.    Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15.     <u>Complete Agreement</u>

This letter contains the complete agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated May 9, 2012. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral, with the sole exception of those contained in the proffer letter dated May 9, 2012. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Linda M. Ricci.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By:     _Cynthia A. Young_
JAMES F. LANG
Chief, Criminal Division
CYNTHIA A. YOUNG
Deputy Chief, Criminal Division

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the minimum mandatory and maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Dennis R. Brady, Jr.
Defendant

Date: 01-09-13

I certify that Dennis R. Brady, Jr. has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Steven D. DiLibero, Esq.
Attorney for Defendant

Date: 01/09/13

13