UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-10027-WGY |
| | ) | |
| 3.  DENNIS R. BRADY, Jr., *et al.*, | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982, and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1.  On March 22, 2012, a federal grand jury sitting in the District of Massachusetts returned a five-count Superseding Indictment charging defendant Dennis R. Brady, Jr. (the "Defendant"), and others, with Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine, in violation of 21 U.S.C. § 846 (Count One); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two); and Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 (Counts Three through Five).

2.  The Superseding Indictment also contained a Forfeiture Allegation pursuant to 21 U.S.C. § 853, which provided notice that the United States sought the forfeiture, jointly and severally as to Count One, and upon conviction of the Defendant of the offense alleged in Count One of the Superseding Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.  The

property to be forfeited included, without limitation:[1]

    (a)    $3,859.80 in United States currency seized from Dennis R. Brady, Jr. incident to his arrest on January 31, 2012 (the "Currency").

    3.    In addition, the Superseding Indictment also contained a Forfeiture Allegation pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States sought the forfeiture, jointly and severally as to Counts Two through Five, and upon conviction of the Defendant of the offenses alleged in Counts Two through Five of the Superseding Indictment, of any property, real or personal, involved in such offense, or any property traceable to such property. The property to be forfeited included, without limitation, the Currency.[2]

    4.    The Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such property, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

    5.    On January 9, 2013, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Five of the Superseding Indictment, pursuant to a written plea agreement that he signed on January 9, 2013.  *See* Docket No. 110.

---

[1] The Forfeiture Allegation pursuant to 21 U.S.C. § 853 named other assets as directly forfeitable; however, the United States only seeks forfeiture of the specific asset described in this Motion against the Defendant.

[2] The Forfeiture Allegation pursuant to 18 U.S.C. § 982(a)(1) also named other assets as directly forfeitable; however, the United States only seeks forfeiture of the specific asset described in this Motion against the Defendant.

6.      In Section 10 of the written plea agreement, the Defendant admitted that the Currency is subject to forfeiture on the grounds that it constitutes, or is derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of his offenses; and/or was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses; and/or was involved in such offenses, or any property traceable to such property. The Defendant, therefore, consented to the forfeiture of the Currency.

7.      In light of the Defendant's guilty plea and admissions in the written plea agreement, the United States has established the requisite nexus between the Currency and the offenses to which the Defendant pled guilty.   Accordingly, the Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982.

8.      Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Currency.

9.      Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853 and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Currency, and notice that any person, other than the Defendant, having or claiming a legal interest in the Currency must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

10.     This notice shall state that the petition shall be for a hearing to adjudicate the

validity of the petitioner's alleged interest in the Currency, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Currency and any additional facts supporting the petitioner's claim and the relief sought.

11. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Currency that is the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney,

By: */s/ Veronica M. Lei*
LINDA M. RICCI
VERONICA M. LEI
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Date: August 22, 2013     (617) 748-3100

**CERTIFICATE OF SERVICE**

   I hereby certify that the foregoing Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, were filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

|  |  |
|---|---|
|  | */s/ Veronica M. Lei* |
|  | VERONICA M. LEI |
| Date: August 22, 2013 | Assistant United States Attorney |