```
 1                UNITED STATES DISTRICT COURT

 2              FOR THE DISTRICT OF MASSACHUSETTS

 3
                                        12-10027-WGY
 4

 5

 6

 7

 8   ************************************
                                        *
 9   United States vs. Dennis R. Brady   *   JUDGE'S FINDINGS
                                        *
10   ************************************

11

12

13

14

15        BEFORE:   Honorable Judge William G. Young

16

17

18
                       Richard H. Romanow
19                    Official Court Reporter
                     United States District Court
20                        1 Courthouse Way
                    Boston, Massachusetts 02210
21
                          July 8, 2015
22

23

24

25
```

1         THE COURT:  Mr. Dennis Brady, in consideration of
2    the crimes of which you stand convicted, the information
3    from the United States attorney, your attorney, the
4    probation officer and yourself, this Court does sentence
5    you to 13 years in the custody of the United States
6    Attorney General on each of the counts of conviction,
7    the sentence on each count to run concurrent, one with
8    the other.  You will have credit toward the service of
9    that sentence from January 31st, 2012 to the present.
10   The Court adopts the recommendations made on your behalf
11   by your attorney.  I will recommend that you be a
12   candidate for the 500-hour intensive drug treatment
13   program in the federal prison facilities and I do
14   recommend that you serve your sentence at the federal
15   facility in Berlin, New Hampshire.
16         The Court imposes on you thereafter 5 years of
17   supervised release with the following special
18   conditions.  In addition to the general conditions,
19   you're prohibited from possessing a firearm, a
20   destructive device, or other dangerous weapon.  You're
21   to participate in a program for substance abuse
22   counseling not to exceed 104 drug tests per year.  You
23   should not frequent establishments whose primary purpose
24   is gambling.  You shall not participate in any gambling
25   activities of any sort.  You shall attend a gambling

```
 1   addiction program.  You may be -- you shall participate
 2   in a manualized cognitive behavioral treatment program
 3   to the extent of your ability to pay.  You may be
 4   required to participate in the payment for those various
 5   programs.
 6        Now, let me explain this sentence to you because
 7   it's my sentence.  I have all the circumstances of this
 8   case, both the offense and the entire run-up to today,
 9   very very much in mind.  All your adult life you've been
10   a criminal.  Now you have a daughter, a daughter you
11   have not seen, and you say that she means a great deal
12   to you and I hope and pray that that is true.  She
13   should.
14        The government has not been unreasonable here, the
15   government has been both sensitive and reasonable.
16   Their recommendation I adopt.  It is my sentence.
17   You've got to understand the sentence has got to send a
18   message that this methamphetamine is a killer.  It
19   wreaks havoc on families.  And you were such a major
20   drug dealer, rarely have I had someone who so clearly
21   qualifies, though it's tragic, as being called a "major
22   drug dealer" as you.
23        You have demonstrated -- you're no fool, you've
24   demonstrated your ability to make some right choices.
25   That's why this sentence is not -- I don't know that 30
```

```
 1   years is in mind, but why it's not, for instance, 10
 2   years more or higher than that.  That's given the crime.
 3   But there's more to you than the crime.  You've
 4   demonstrated that.  You've earned that.  I give you
 5   credit for that.  This sentence is, as the law requires,
 6   sufficient but no greater than necessary under the
 7   circumstances.
 8         Now, you do have the right to appeal from any
 9   findings or rulings the Court has made against you.
10   Should you appeal and should your appeal be successful
11   in whole or in part and the case remanded, you'd be
12   resentenced before another judge.  Mr. DiLibero, if an
13   appeal is decided upon and you want transcript, seek it
14   from this court before filing the notice of appeal
15   because I'll turn it around right away.
16         (Pause.)
17         THE COURT:  Oh, the Clerk reminds me that I did
18   not mention the special assessment and the law requires
19   it.  The special assessment of $500, given the counts of
20   conviction, is imposed.  That's the sentence.
21         MS. RICCI:  Your Honor, the government would also
22   ask, and I neglected to mention this earlier, that the
23   Court include the forfeiture as set forth.
24         THE COURT:  The Court does include the forfeiture
25   as prayed for by the government.
```

1         MS. RICCI:  Thank you, your Honor.
2         MR. DiLIBERO:  Your Honor, I have one further
3    request.  There has been a no-contact order with Stacy
4    Devanney.  Now that this case is over, it's the mother
5    of his child, I ask that he be allowed to write to her
6    and converse with her.
7         THE COURT:  Does the government have a position on
8    that?
9         MS. RICCI:  Your Honor, the government -- it's an
10   awkward situation at best.  The government feels as
11   though it's been played in the middle between these two
12   co-defendants.  I have received clear -- I don't know if
13   we should approach on this?
14        THE COURT:  Well, she may not want it.
15        MS. RICCI:  That's my understanding, your Honor.
16        THE COURT:  And it's not for me even to take a
17   position.  This is the mother of his child.  My thought
18   would be, but I want your advice, to allow it subject to
19   probation, maybe he's got to run it through probation
20   before it gets sent, something like that.
21        MS. RICCI:  Your Honor, the government takes no
22   position for that, but the government will just inform
23   the Court that I have received repeated requests from
24   Mr. DiLibero on behalf of his client and I've received
25   repeated telephone calls from Stacy Devanney's attorney,

1  Mr. Burke is saying that she does not want any contact,
2  and the government has taken no position on that.
3       THE COURT:  And I appreciate that.  But what's
4  happened has happened.  Now a letter -- I'm not talking
5  about phone calls, I'm talking about letters here.
6  People can do what they want with letters.
7       Is that something probation can monitor?
8       PROBATION OFFICER:  Your Honor, I'm not sure --
9  Ms. Devanney is not under probation with us, um, because
10 she's in another district, so what I would ask is that
11 you do put the caveat that it be, um, approved by
12 probation just so that that way we can safeguard either
13 side and then a motion to --
14      THE COURT:  And we'll just say that generally.
15      Is that satisfactory, Mr. DiLibero?
16      MR. DiLIBERO:  Yes, your Honor.
17      THE COURT:  All right.  So the no-contact order is
18 modified to this extent, that it no longer prohibits him
19 from writing -- writing to Ms. Devanney and indeed
20 addressing letters to his daughter, subject to
21 probation's supervision.  So probation will work out
22 mechanically how that's to occur.
23      MS. RICCI:  And, your Honor, if I might?  I
24 believe the no-contact order also extended to family
25 members.  I just want to be clear.  I just wanted to ask

```
 1   whether the Court --
 2          THE COURT:  I modified it only to the extent that
 3   it's on the record there.  That's the request.
 4          MS. RICCI:  Thank you, your Honor.
 5          THE COURT:  She has rights.  He has rights.  The
 6   child has rights.  But she's the natural mother of the
 7   child, so, um, I made my order with respect to that
 8   aspect.  And the child's interests are the most
 9   important here.
10          All right.  That's the sentence.
11          We'll recess.
12          (Recess, 11:30 a.m.)
13
14
15
16
17
18
19
20
21
22
23
24
25
```